# EDWARD C. WALLER

*v.*

# STEPHEN H. ARNOLD *et al.*

1. TRUST DEED—*of the power of sale therein.* The power of sale contained in deeds of trust must be strictly pursued, and the utmost fairness: must be observed in the execution of the power, but such strictness and literal compliance as would destroy the power should not be exacted.

2. SAME—*place of sale.* Where the place of sale named in a deed of trust is at the "north door of the court house," it is not essential to the validity of a sale made under it, that it should be in or at the north door of the court house as it was constructed at the time of executing the deed. If the court house then standing should be destroyed by fire, and a new one erected on the same location, the sale could be made at the north door of the new court house.

3. And where the court house has been partially destroyed by fire, the sale can properly be made at the ruins of the north door. The essential element in the power is, that the place of sale is rendered certain by the description, and whether the same door, or a new one, or none at all, is at the place at the time of sale, is wholly immaterial.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant.

Mr. HENRY I. SHELDON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Appellant, Waller, his wife joining therein, on the 15th of March, 1871, executed a trust deed, conveying certain lots in the city of Chicago to Henry I. Sheldon, to secure a note executed by him to one Waterman, payable in three years, at ten per cent interest, payable semi-annually. This note was assigned to Stephen H. Arnold, who, as holder of the note, the semi-annual interest due September 15, 1873, being unpaid, requested the trustee to make sale of the premises under the provisions of the deed. The deed authorizes "such sale to be made at the north door of the court house of the county of Cook, in the city of Chicago and State of Illinois, having first given twenty days' notice of the time and place of such sale, by advertisement in any one of the daily newspapers that may at that time be published in the English language in said Chicago, personal notice to Waller of such sale being expressly waived."

On the 5th day of January, 1874, a notice was published in the "Chicago Evening Mail," containing all proper and necessary recitals, by the trustee, that he would sell said real estate, and all the title of the grantors therein, at public sale, to the highest bidder, for cash, on the 30th day of January, 1874, "at the east door of the two north doors on Adams street, of the court house of the county of Cook, in the city of Chicago, meaning the court house on the corner of Adams and LaSalle streets, the old court house having been destroyed, pursuant to the terms of said deed."

On the next day the trustee published another notice of sale, in the same newspaper, of the same premises, to take place on the 31st day of January, 1874, at the same hour, "at the place midway in space between LaSalle and Clark streets, in the city of Chicago, where the north door of the

old court house was, previous to the fire, pursuant to the terms of said trust deed."

On the publication of these notices, appellant presented his bill for an injunction, to the allegations in which no exception is taken, praying that Arnold, the holder of the note, and Sheldon, the trustee, who had been made defendants to the bill, be perpetually enjoined from taking any action under either of the notices above set out, to foreclose the trust deed, and from attempting to foreclose the trust deed by virtue of any of the powers of sale contained therein.

Defendants answered the bill, admitting all the allegations contained in it, and then assigned their reasons for the several notices, that doubts existed as to which was the proper place of sale under such a clause in a deed made before the fire.

It was stipulated, on the hearing, that the facts stated in the bill and answer were true. Thereupon the court decreed that "so much of the injunction order as enjoins the defendants from making any sale at the east door of the two north doors on Adams street, of the court house of the county of Cook, in the city of Chicago, meaning the court house on the corner of Adams and LaSalle streets, be affirmed, and as to so much of said order, the injunction is made perpetual; and that so much of said injunction order as enjoins the defendants from making any sale of the premises at the place midway in space between LaSalle and Clark streets, where the north door of the old court house was, previous to the fire, be dissolved."

Defendants excepted to so much of the decree as affirms and makes perpetual any part of the injunction granted, and complainant excepts to so much of the same as dissolves any part of the injunction, and prayed an appeal to this court to reverse the decree.

Both parties have assigned errors in this court.

Appellant makes the point that no sale could be made "at the place midway in space,      *      *      where the north door

of the old court house was, previous to the fire," because, he insists, the destruction of the place of sale destroys the power. His argument is. that the place where the sale is to be made is one element of the power, and that wanting, the whole power is rendered nugatory.

The objection is not founded in fact, and hence the argument fails. One wing of the former building still remains, and is occupied as a court house. It is true, the structures on the exact locality are not as they were at the date of the execution of the deed. The ruins are there, the place distinctly marked, and the location of the place designated in the trust deed may be as readily discovered as any public place in the city. The criminal and county courts are still held there. Process issued by these courts is returnable there as at the court house of the county of Cook, in the city of Chicago.

We concede, the power to sell contained in this class of securities must be strictly pursued, and the utmost fairness must be observed in the execution of the power. But such strictness and literal compliance should not be exacted as would destroy the power. This would render valueless the security intended to be afforded.

It is not essential to the valid execution of the power given by the trust deed in this case, that it should be executed in or at the "north door" of the court house as it was then constructed. Parties, in making their contract, must be presumed to have done so with reference to mutations that must necessarily take place in all structures, however permanently erected; that the old building occupied as a court house was liable to be destroyed at any time, and a new one erected. It would be absurd to hold the power could not rightfully be exercised at the "north door" of a new court house, had one been erected on the location of the one destroyed. The essential element in the power, is the place rendered certain by the description given in the deed, and whether it is executed at the top or the foot of the steps, or whether they have been

destroyed and new ones erected, or whether there are none at all there, seems to us wholly immaterial. The mere fact there has been a physical change in the buildings at the point designated, ought not to be held to destroy the power. This would be a narrow and illiberal construction, which we are unwilling to adopt. While construing such powers strictly, they must have a reasonable construction given to them. Greater strictness ought not to be required than the parties, by a fair construction of the provisions of the deed, contracted should be observed. Anything further savors of useless technicality. We entertain no doubt whatever that the power of sale contained in this trust deed can be well executed at the ruins of the north door of the old court house in the city of Chicago.

There could, however, be but one sale under the power given. If properly made at the ruins of the north door of the old court house, the sale would effectually bar the equity of redemption. Hence appellee was not prejudiced by the decree of the court enjoining the sale advertised to take place at the east door of the two north doors on Adams street, of the court house on the corner of Adams and LaSalle streets, in the city of Chicago. For this reason, we deem it unnecessary to consider the cross-errors assigned. Whether the power contained in the trust deed could be rightfully executed at the east door of the two north doors of the court house on the corner of Adams and LaSalle streets, is a question about which we express no opinion.

The decree of the Superior Court is affirmed.

*Decree affirmed.*